IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ROY A. DAY,
    Plaintiff

VS.                    C.A. No.

GOOGLE, INC.,
LARRY PAGE,
    Defendants

COMPLAINT   CV 15 01224 NC

RE: **NOTE** - THIS DOCUMENT IS PRINTED ON THE FRONT AND BACK OF THE PAPER[1]

COMES NOW, ROY A. DAY, Plaintiff, complaining of Defendants, and for cause of action would show unto the Court the following:

COUNT ONE

**1.** Plaintiff, ROY A. DAY, is a citizen of the United States of America and a resident of the State of Florida.

**2.** Defendant is Google, Inc. (hereafter, Defendant "G") is a State of California Corporation, with its principal place of business in Mountain View, California. Defendant "G" is a software company engaged in the business of computer software in the various States across the United States, and the various Nations on Planet Earth. At all times pertinent to this Complaint, and at all times mentioned, Defendant "G" was acting through its principal agents and servants, Defendant Larry Page, and various agents and servants

---

[1] PLEASE NOTE: Pursuant to the Federal Paper Reduction Act, and the Federal, and the various States, Environmental Protection Acts, this document is printed on the front and back of the paper.

and co-conspirators and employees of Defendant "G," including but not limited to, various subsidiaries and affiliates of Defendant "G," whose names are not known to Plaintiff at this stage of litigation. Defendant "G" was acting individually and in concert, with each and all agents and servants and co-conspirators and employees, including but not limited to, Defendant Larry Page. **CAVEAT**: For the purpose of the instant complaint, Defendant "G" refers, relates, pertains and mentions each and all subsidiaries and affiliates, and agents and servants and co-conspirators and employees, whose names are not know to Plaintiff at this stage of litigation.

**3.** Defendant is Larry Page, Chief Executive Officer (CEO) (hereafter, Defendant "LP"). At all times pertinent to this Complaint, Defendant "LP," was employed by Defendant "G" as the "CEO" with his legal residence and domicile in the State of California. In doing the acts and things hereinafter set forth, Defendant "LP" was acting individually and in concert with Defendant "G," and its various subsidiaries and affiliates, and agents and servants and co-conspirators and employees in Defendant "LP's" capacity as CEO. Each and all acts of Defendant "LP," set forth herein were done by Defendant "LP," acting individually and in concert under pretense and by virtue of, and under the authority of, Defendant "LP's" office as "CEO" of Defendant "G," and its various subsidiaries and affiliates, and agents and servants and co-conspirators and employees.

**4.** This is a civil action brought for negligence, and for money damages to redress the injury caused to Plaintiff by the course of negligent conduct by Defendants, and Defendants' agents, and servants, and co-conspirators, and employees, and for an order declaring the acts of Defendants, and Defendants agents, and servants, and co-conspirators, and employees, are illegal.

**5.** Plaintiff purchased a Google Nexus 9 tablet (hereafter, "N9") from Amazon on February 5, 2015 (Order Number for "N9": 104-4581110-1722642; Serial Number for "N9": HT4AHJT01314; Product Number for "N9": 99HZF001-00). The "N9" is a high end tablet

with major technology costing $427.99. The "N9" is an excellent product for Plaintiff's use pertaining to Google Talk (now called Hangout), and for Google Wallet, and other procedures and functions related to Google products and services. PLAINTIFF IS VERY PLEASED WITH THE NEXUS 9 – THAT IS ADMITTED for discovery! The "N9" functions properly, but to use, and operate, and to determine the proper procedure to use for a specific operation for the "N9," is a "guess," and a "guess," and a "guess," and a "hit," and a "hit," and a "miss," and a "miss, and "hope for the best" scenario. Unbelievable that one has to "guess" how to operate the "N9" in the year A.D. 2015. **NO USER MANUAL INCLUDED! BALDERDASH**! N.B. – NOTA BENE: Pertaining to the aforesaid "guess" and "hit" and "miss" scenario, by way of example, but not in limitation to: Plaintiff received a voice mail telephone call in Google Talk (Hangout), and Plaintiff clicked "download," and the voice mail message downloaded, but then Plaintiff could **not locate** the voice mail message. After about fifteen minutes of clicking various applications and menus, Plaintiff "**discovered**" (VOILA, "serendipity") that the voice mail message was in the "Notification" area – UNBELIEVABLE! Plaintiff can produce one hundred other examples of "guess" and "hit" and "miss!" The aforesaid reflects a loss of money, and time, and productivity! NO "USER MANUAL." Defendants cunningly, deceptively, and misleadingly did not include a "USER MANUAL," nor did Defendants provide an "ELECTRONIC VERSION OF A USER MANUAL" for the "N9" on Defendant "G's" technical support website. Plaintiff, sixty-eight years of age, being a technical genre, has received a "User Manual" with each and all products purchased by Plaintiff for sixty-eight years (EXCEPT for the "N9"). The "N9" is the first product bought by Plaintiff that did NOT have a "USER MANUAL," when in fact, being an electronic computer product is exactly the product that Plaintiff needs a "USER MANUAL" for proper operation. Being an electronic computer product, a "USER MANUAL" is a controlling and quintessential entity, when in fact, Plaintiff, and others similarly situated, will make thousands of mistakes and clicks, and waste hundreds of hours and money and time, and

will be non-productive, with the overlay, the useless clicks become a pattern of **"ZOMBIE-DIGTIAL-MORON"** clicks. N.B. NOTA BENE: **"ZOMBIE-DIGITAL-MORON"** defined as: A homo sapien who **cannot** read and write, and comprehend what they read, and clicks icons on an electronic device screen *one thousand times* to obtain their information, with the caveat, that if they could read and write, it would take only three clicks to obtain the information from a "USER MANUAL" – A **"ZOMBIE-DIGITAL-MORON"** has no use for a "USER MANUAL," and has no concept and knowledge of computer source code, and how computer source code relates to the electronic device. **CAVEAT**: It is only a matter of time before the lemmings ("ZOMBIE-DIGITAL-MORON") walk off the cliff!

**6.** Defendants are forcing and coercing Plaintiff, and others similarly situated, to telephone Defendant "G's" technical support, but the technical support personnel do not speak fluent English, and lack a full and complete comprehension of the English language, and use **rote-memory** to answer technical questions when the technical person hears **"certain words."** It is a nightmare to obtain a true and correct technical response, besides being a waste of time and money. One spends half their time trying to teach the person the English language, and what technical terms mean. None of the aforesaid "balderdash" would be necessary if a "USER MANUAL" was included with the "N9," or in the alternative, an "ELECTRONIC USER MANUAL" was available by Defendant "G." In the year A.D. 2015, to deny Plaintiff, and others similarly situated, a "USER MANUAL" is incomprehensible. The question is: What fraud is Google perpetrating by not including a "USER MANUAL" for the "N9"?

**7.** Defendants, and Defendants' agents and servants and co-conspirators, and employees, in the year A.D. 2015 pertaining to computer electronics, had a duty imposed upon them to provide the "N9" with a "USER MANUAL" so Plaintiff, and others similarly situated, would know how to properly operate the "N9," without making major errors, and without comforting the "balderdash" at Defendant "G's" technical support.

**8.** At all times mentioned, and for some time prior, Defendants, and Defendants' agents, or servants, or employees, or co-conspirators, had, or in the exercise of due care should have had, full and complete knowledge as well trained "computer and business professionals," that a "duty was imposed" upon them to provide a "USER MANUAL" for the "N9" that would instruct Plaintiff, and others similarly situated, how to properly operate the "N9." Defendants, and Defendants' agents, or servants, or employees, or co-conspirators, cunningly, deceptively and misleadingly did not include a "USER MANUAL" for the "N9" solely for the purpose to take undue advantage of Plaintiff, and others similarly situated." In addition, Defendant, and Defendant's agents, or servants, or co-conspirators, or employees, had a duty imposed upon them "to take action" to immediately: (a) provide a honest, ethical, true, and proper "USER MANUAL" for the "N9."

**9.** At all times mentioned, and for some time prior, Defendants, and Defendants' agents, or servants, or employees, or co-conspirators, had, or in the exercise of due care should have had, full and complete knowledge as well trained "professional computer and business managers and executives" in the computer industry, that a "duty was imposed" upon them to take "immediate action" to honestly, ethically, truly, and properly provide a true and correct USER MANUAL for the "N9" with true and correct proper operating procedures for the "N9." Further, at all times mentioned, and for some time prior, Defendants, and Defendants' agents, or servants, or co-conspirators, or employees, had, or in the exercise of due care should have had, full and complete knowledge as well trained "professional computer and business managers and executives" in the computer industry that a "duty was imposed" upon them NOT to sell a "N9" without a "USER MANUAL" with proper operating instructions so Plaintiff, and others similarly situated, would not lose time, money, and productivity (In the alternative: Defendants had a duty imposed upon them to place a "**CAVEAT**" on each of Defendants' websites and printed material stating: "**CAVEAT**: NO USER MANUAL IS PROVIDED WITH THE NEXUS 9 - PRINTED OR ELECTRONIC

VERSION – GOOGLE only provides a "hit" and "miss" scenario for the Nexus 9 pertaining to the specific procedure or action desired." In addition, Defendants, and Defendants' agents, or servants, or co-conspirators, or employees, had a duty imposed upon them "to take action" to cease and desist each and all courses of cunning, misleading and deceptive conduct against Plaintiff pertaining to the "balderdash-technical-support" provided by Defendants' agents, servants, co-conspirators, and employees," when in fact, if a "USER MANUAL" was provided, Defendants could eliminate fifty percent of the "balderdash-technical-support" staff and save Defendant "G" and the shareholders Millions of Dollars, and save the Google customers time and money.

**10.** Defendants, and Defendants' agents or servants or co-conspirators or employees, did willfully, and with a wanton disregard and reckless disregard for Plaintiff's rights, refused and continued to refuse to provide a true and correct "USER MANUAL" for the "N9," and subsequently denied Plaintiff time and money spent "babysitting" Defendants' "N9" with no "USER MANUAL." Further, Defendants, and Defendants' agents, or servants, or employees, or co-conspirators, refused and continued to refuse to properly hire, train, teach, instruct and promote "managers" and "cubicle-bureaucratic-corporate-..." who were honest, ethical, competent and qualified, and not deficient, and who knew how to honestly, ethically, properly, truly and correctly provide technical support for the "N9." Further, Defendants did willfully, and with wanton disregard and reckless disregard for Plaintiff's rights, refused and continued to refuse to properly train, teach and instruct "managers" and "on-line personnel," on running an honest, ethical and legal computer company, without using a "PREMEDITATED AND PREARRANGED," and cunning, deceptive, misleading and fraudulent technical support for the "N9," with the overlay that Plaintiff lost time and money, and productivity, due to no "USER MANUAL," specifically, Defendants course of action has taken undue advantage of Plaintiff, and others similarly situated.

**11.** Such a course was a breach of duty of care by Defendants, and Defendants' agents, or servants, or employees, or co-conspirators, since said Defendants' agents, or servants, or employees, or co-conspirators, had a special duty of care imposed upon them as "professional computer and business personnel," since the facts indicate that each and all Defendants' co-conspirators, and agents, and servants, and employees, conspired to carry-out the "PREMEDITATED AND PREARRANGED" scheme and plan against Plaintiff, and to unjustly enrich Defendants by taking undue advantage of Plaintiff, and others similarly situated, by denying Plaintiff a true and correct "USER MANUAL" for the "N9."

**12.** With full knowledge of the existence of the above facts, Defendants, and Defendants' agents, or servants, or co-conspirators, or employees, refused and continued to refuse to honor Plaintiff's rights, when in fact, Plaintiff was subjected to a "PREMEDITATED AND PREARRANGED" CUNNING, MISLEADING AND DECEPTIVE "policy" to conceal and cover-up the true and correct facts on the non-existent "USER MANUAL," solely for the purpose to take undue advantage of Plaintiff, and others similarly situated, and unjustly enrich Defendants, and needlessly and unnecessarily cost Plaintiff time and money, and productivity, and deny Plaintiff a true and correct "USER MANUAL" for the "N9." Further, with full knowledge of the existence of the above facts, Defendants refused and continued to refuse to operate a computer company that was honest, ethical and legal.

**13.** That by virtue of the willful, intentional, wanton, reckless, malicious, gross "negligent" conduct of Defendants, as aforesaid, and as a proximate result thereof, Plaintiff has been damaged in the SUM CERTAIN of Five Million Dollars ($5,000,000.00).

**14.** As a further proximate result of Defendants' gross negligent conduct throughout the occurrences described above in paragraphs "5" through "12," and as a direct and proximate result of Defendants' willful, intentional, wanton, reckless and malicious actions, individually and in concert, Plaintiff has suffered great mental pain and suffering with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his

social life destroyed in the SUM of Twenty Million Dollars ($20,000,000.00), and will continue to suffer.

**15.** That said gross negligence was done to conceal and cover-up Defendants' course of illegal conduct against Plaintiff. The wrong done by Defendants, individually and concert, was aggravated by that kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff shows that an award of substantial exemplary damages would serve not only to deter Defendants and their co-conspirators from engaging in the aforesaid course of illegal conduct, but it would also serve as a warning or deterrent to others similarly situated. Accordingly, Plaintiff sues for exemplary damages in the SUM of One Hundred Million Dollars ($100,000,000.00).

**16.** Due to the aforesaid facts, supra, no other adequate remedy exists at law for redress of the course of illegal conduct by Defendants against Plaintiff, and others similarly situated, which continue to occur and will occur in the future, unless this court permits Plaintiff, and those similarly situated, to have immediate "ACCESS" to this Court, to obtain relief from Defendants, to cease and desist Defendants' "PREMEDITATED AND PREARRANGED" "CUNNING, DECEPTIVE AND MISLEADING" conduct pertaining to a "non-existent" "USER MANUAL" for the "N9."

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands that the following relief be granted:

**a.** Granting Plaintiff judgment against Defendants for compensatory damages in the amount of Five Million ($5,000,000.00) with interest at the lawful rate until paid; that Plaintiff have and recover on that judgment at the rate of twenty percent (20%) per annum until paid.

**b.** Granting Plaintiff judgment against Defendants pursuant to mental pain and suffering damages, in the SUM of Twenty Million Dollars ($20,000,000.00); with interest at the lawful rate until judgment; that Plaintiff have and recover interest on that judgment at

the rate of twenty percent (20%) per annum until paid.

c. Granting Plaintiff judgment against Defendants for exemplary damages in the amount of One Hundred Million Dollars ($100,000,000.00); that Plaintiff have and recover interest on that judgment at the rate of twenty percent (20%) per annum until paid.

d. Declare that Defendants have engaged in gross negligent conduct against Plaintiff, and Defendants are to cease and desist the "PREMEDITATED AND PREARRANGED" "CUNNING, DECEPTIVE AND MISLEADING," policy to conceal and cover-up the scams being orchestrated on the "N9"" as associated with a non-existent "USER MANUAL," and are to dismantle each and all "cunning, deceptive, misleading procedures" pertaining to the concealment and cover-up of the scams being orchestrated pertaining to the "N9" and the non-existent "USER MANUAL"; declare that Plaintiff was subjected to gross negligent conduct by Defendants pertaining to a non-existent "USER MANUAL" for the "N9"; declare that Defendants engaged in negligent conduct by refusing to provide a "USER MANUAL" for the "N9"; as direct result of Defendants' negligent conduct against Plaintiff, Plaintiff has loss time and money and productivity to "babysit" Defendants due to a non-existent "USER MANUAL for the "N9," with the overlay that Plaintiff loss the use and enjoyment of the Plaintiff's life, and full and complete use of Plaintiff's "N9," during this period of negligent conduct, and with the right to a true and correct "USER MANUAL"; Declare that each and all Google, Inc. products are to have the following CAVEAT: "**CAVEAT**: NO USER MANUAL IS PROVIDED WITH THE NEXUS 9 - PRINTED OR ELECTRONIC VERSION – GOOGLE only provides a "hit" and "miss" scenario for the Nexus 9 pertaining to the specific procedure or action desired."

e. Awarding Plaintiff cost and reasonable attorneys' fees, and in the event of an appeal, Plaintiff have and recover additional attorneys' fees and reasonable cost and expense of that action.

f. Granting Plaintiff such other and further relief as may be just.

## COUNT TWO

**17.** Plaintiff repeats and realleges paragraphs "1" through "3," and "5" through "12" as if the aforesaid paragraphs were expressly stated herein.

**18.** This is a civil action brought for emotional distress, and for money damages to redress the injury of emotional distress caused to Plaintiff by Defendant, supra.

**19.** As a direct, proximate and natural result of Defendants' course of illegal conduct against Plaintiff with total disregard for the law, Plaintiff has suffered severe emotional distress with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life destroyed in the SUM of Twenty Million Dollars ($20,000,000.00), and will continue to suffer.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands that the following relief be granted:

**g.** Granting Plaintiff judgment against Defendants pursuant to mental pain and suffering damages, in the SUM of Twenty Million Dollars ($20,000,000.00); with interest at the lawful rate until judgment; that Plaintiff have and recover interest on that judgment at the rate of twenty percent (20%) per annum until paid.

**h.** Awarding Plaintiff cost and reasonable attorneys' fees, and in the event of an appeal, Plaintiff have and recover additional attorneys' fees and reasonable cost and expense of that action.

**i.** Granting Plaintiff such other and further relief as may be just.

REQUEST FOR A TRIAL BY JURY

**20.** Plaintiff Roy A. Day in the above-entitled and numbered matter demands a trial by jury of all issues so triable in said matter on the grounds that it is entitled to such trial by virtue of having complied with all requisites of the Federal Rules of Civil Procedures, and there exists in this case an adequate and complete remedy at law.

Respectfully submitted,

/s/ Roy A. Day

Roy A. Day
P.O. Box 33
Tarpon Springs, Florida
USA      34688-0033

**CONTACT INFORMATION**:

ROY A. DAY
P.O. BOX 33
TARPON SPRINGS, FLORIDA
USA       34688-0033

---

**VOICE**: (PRIMARY: 727-6428636)

---

**FAX, and VOICE**: 206-4951708

---

**MOBILE DEVICE– TEXT MESSAGE (NO EMAIL TEXT MESSAGE)**: 727-6428636

---

**EMAIL ADDRESS and MOBILE Pocket PC address**: royaday@hotmail.com

---

**ROY A. DAY'S "DRONE-TARGET-PACKAGE-DELIVERY-ADDRESS-LOCATION" ("DTPDAL")**:

(A)   (DECIMAL DEGREES: LATITUDE: 28.143° NORTH; LONGITUDE: -82.7425° WEST);

(B)   (MINUTES AND SECONDS DEGREES: LATITUDE: 28-08"35' NORTH; LONGITUDE: 082-44"33' WEST).

---

...


**NOTE**: THE AFORESAID COUNT TWO IS "IN THE ALTERNATIVE – FOR DAMAGES" SO THE LADIES AND GENTLEMEN OF THE JURY RECEIVE EACH AND ALL ISSUES AND FACTS ON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW AT THE FIRST TRIAL BY JURY – IF THESE ISSUES ARE NOT PRESENTED TO THE JURY, THEN AN APPEAL WOULD BE NECESSARY, AND A SECOND TRIAL BY JURY. THE JURY WILL DETERMINE WHICH DAMAGES ARE AWARDED SO THERE IS NOT DOUBLE OR TRIPLE DAMAGES FOR THE SAME ISSUE. THIS WILL PREVENT PIECEMEAL LITIGATION AND ANY INCREASE IN THE COST OF LITIGATION FOR A SECOND TRIAL BY JURY.

NOTE FOR THE LADIES AND GENTLEMEN OF THE JURY: THE REASON FOR THE **LARGE SUMS OF MONEY** ARE DUE TO THE FACT OF "**RELATIVITY**." WITH A BILLION DOLLAR COMPANY, YOU MUST HAVE DAMAGES IN THE MILLIONS AND MILLIONS OF DOLLARS TO HAVE ANY EFFECT. FOR YOU AND ME $1.00 IS A LOT OF MONEY. FOR DEFENDANTS, $100,000,000 IS NOTHING BUT "CHUMP CHANGE." YOU NEED TO SEND A STRONG MESSAGE TO DEFENDANTS WHO HAVE BILLIONS AND BILLIONS OF DOLLARS!

**INDEX**:

EXHIBIT "1" – **NON-EXISTENT** "USER MANUAL" ("Virtual Reality Exhibit")

**CAVEAT**: FOR THE PURPOSE OF THE INSTANT COMPLAINT, WHEN THE DEFENDANT GOOGLE, INC. (HEREAFTER, DEFENDANT "G") IS REFERENCED IN THE INSTANT COMPLAINT, IT REFERS, RELATES, PERTAINS, AND MENTIONS "<u>AGENTS, AND SERVANTS, AND CO-CONSPIRATORS, AND EMPLOYEES.</u>"