UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY A. DAY,<br><br>          Plaintiff,<br><br>    v.<br><br>GOOGLE INC.; LARRY PAGE,<br><br>          Defendants. | Case No.15-cv-01224-NC<br><br>**ORDER DENYING IN FORMA PAUPERIS REQUEST AND DISMISSING THE COMPLAINT**<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff Roy Day filed his Complaint and Application to Proceed *In Forma Pauperis* ("IFP") on March 16, 2015. Dkt. Nos. 1, 2. Plaintiff has consented to this Court's jurisdiction. Dkt. No. 5. The Court DENIES Day's application to proceed *In Forma Pauperis* because it fails to state a claim and DISMISSES his complaint without leave to amend for lack of subject matter jurisdiction.

**I. BACKGROUND**

Roy's complaint states two causes of action, (1) a claim for "gross negligence," and (2) a claim for emotional distress. Dkt. No. 1 at 2, 10. Roy's claims are based on his purchase of a Google Nexus 9 tablet on February 5, 2015 for $427.99. *Id.* at 2-3. Although difficult to navigate his assertions, it appears his chief complaint is that the device did not come with a user manual, which caused him a "loss of money, and time, and productivity." *Id.* at 3. He asserts that as a result, "Defendants are forcing and coercing Plaintiff, and others similarly situated, to telephone Defendant's 'G's' technical support."

Case No.: 15-cv-01224-NC

1  *Id.* at 4.  Roy asserts that such conduct "needlessly and unnecessarily cost Plaintiff time
2  and money, and productivity." *Id.* at 7.  Roy brings this claim against Google, Inc. and
3  Larry Page, Google's Chief Executive Officer. *Id.* at 1, 2.

As to claim one of negligence, Roy claims that he has been damaged in the sum of five-million dollars. *Id.*  Additionally, he asserts that defendants' actions were intentional, and that he has "suffered great mental plain and suffering with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life destroyed in the sum of twenty million dollars." *Id.* at 8.  Finally, he claims exemplary damages in the amount of one-hundred million dollars to deter defendants. *Id.*

In count two, Roy asserts a cause of action for emotional distress based on the same assertions. *Id* at 10.  For the emotional distress claim, Roy asks for damages in the amount of twenty-million dollars. *Id.*

## II. DISCUSSION

### A.  Day's Application To Proceed IFP Is Frivolous.

Any person seeking to commence a civil suit in district court must pay a filing fee of $350 and an administrative fee of $50. 28 U.S.C. § 1914(a).  A district court has the authority to waive these fees for any person who shows in an affidavit that he or she is unable to pay it. 28 U.S.C. § 1915(a)(1).  A district court must dismiss the complaint of an IFP applicant if it determines that the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228.

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See*

Case No.:15-cv-01224-NC         2

*United States District Court*
*Northern District of California*

*McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), the Supreme Court rejected conclusory assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" There, the Court reasoned that such allegations were akin to the "formulaic recitation of the elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.*

Here, the complaint includes very few facts, but rather relies on general complaints and conclusory statements. Dkt. No. 1. For example, Day does not provide the dates or content of any phone calls with Google support, and does not specify the facts of any actual harm caused to him by such interaction. *Id.* at 3-4. Although the Court sympathizes with the often frustrating nature of automated technical support, general frustration cannot serve as a legal basis for a cause of action.

The complaint uses legal language and sets forth, in various parts, the elements of a negligence claim. *Id*. For example, Day asserts that "by virtue of the willful, intentional, wanton, reckless, malicious, gross 'negligent' conduct of Defendants, as aforesaid, and as a proximate result thereof, Plaintiff has been damaged in the sum certain of Five Million Dollars." *Id.* at 7. Day incorporates Larry Page as an additional defendant with the language, "[e]ach and all acts of Defendant 'LP,' set forth herein, were done by Defendant 'LP,' acting individually and in concert under pretense and by virtue of, and under authority of Defendant 'LP's' office as 'CEO' of Defendant 'G.'" *Id.* at 2. The complaint provides no further facts as to Page's personal involvement in or oversight of Day's alleged harms. The Court finds that Day's use of legal assertions to be nearly identical to those rejected in both *Iqbal* and *Twombly*, and therefore, amount to an inappropriate

Case No.:15-cv-01224-NC          3

formulaic recitation of the elements of a cause of action.

Finally, Day's assertion that he has suffered damages in the millions is based on nothing but his allegations that his device lacks a user manual and that he has spent some time navigating Google's automated help service. Dkt. No. 1. Day asserts no facts to support any monetary recovery, except possibly the $427.99 value of the Google Nexus 9 tablet. *Id.* at 3.

Taken together, the Court finds Day's complaint to be frivolous and fails to state a claim upon which relief can be granted. Therefore, the Court denies Day's request to proceed *In Forma Pauperis*.

## B. The Complaint Is Dismissed Without Leave to Amend For Lack of Subject Matter Jurisdiction.

Dismissal under the IFP statute is not a dismissal on the merits and "does not prejudice the filing of a paid complaint making the same allegations." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). Although leave to amend the complaint is generally preferred, "futile amendments should not be permitted." *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bur.*, 701 F.2d 1276, 1292 (9th Cir. 1983) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In most cases, original federal subject jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between citizens of different states. 28 U.S.C. § 1332. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982); *See also*

Case No.:15-cv-01224-NC                    4

*Christensen v. Northwest Airlines, Inc.,* 633 F.2d 529 (9th Cir. 1980) (affirming dismissal on ground that injury was to small to establish requisite amount of damages). Therefore, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Day has alleged causes of action for negligence and emotional distress, and no claims that arise under federal laws. Dkt. No. 1 at 2, 10. The complaint states that Day is a resident of Florida, the defendant corporation is a California corporation with its principal place of business in California, and defendant Page is a resident of California. *Id.* at 1, 2. Although the parties are properly diverse, for the reasons discussed above, the Court finds that the complaint's allegations do not support the conclusion that Day is entitled to relief in the millions of dollars. 28 U.S.C. § 1332. Even assuming that Day has adequately pled a claim for negligence and emotional distress, the base cause of his concern is that the $427.99 tablet does not come with a user manual. Dkt. No. 1 at 3. However, the complaint also states that "Plaintiff is very pleased with the Nexus 9" and that the tablet "functions properly." *Id.* Therefore, it appears that Day is not asking for monetary recovery for the device itself.

The Court believes that even a properly pled complaint would not meet the minimum threshold of $75,000 in controversy. Day purchased the tablet on February 5, 2015, approximately six weeks before filing the present action in federal court. Dkt. No. 1 at 2. He claims to have accrued unspecified financial harms since that date for the inconvenience caused by the lack of user manual. *Id.* The Court is unaware of any California law that could form the basis of recovery for such action, unless the tablet was inherently dangerous or caused some physical harm to Day under a products liability theory, which he does not allege. *See* Restatement of Torts 2d §§ 388, 389, 395; *Sabella v. Wisler*, 377 P.2d 889 (Cal. 1963). Therefore, the Court finds that it is apparent to a legal certainty that Day cannot recover $75,000 on the basis of his claims, even if the complaint

1 were pled with more factual assertions.

2 Accordingly, the Court DISMISSES the complaint WITHOUT LEAVE TO
3 AMEND.

4 **IT IS SO ORDERED.**

6 Dated: April 6, 2015   _____
7 NATHANAEL M. COUSINS
United States Magistrate Judge